ALVIN D. HOOPER, plaintiff in error, *vs.* WILLIAM A. MARTIN, defendant in error.

Words imputing to A a felony by night, in which he was discovered and driven off, and adding: "When I drove him off, I saw B standing at the road holding a torch for him," import a criminal participation by B in the offense, and are actionable, *per se,* at the suit of B.

Slander. Before Judge RICE. Banks Superior Court. April Term, 1875.

Hooper brought complaint against Martin for damages sustained by reason of the defendant's saying of and concerning the plaintiff the following false and malicious words, to-wit: "I want to sleep in my house to-night," meaning his (Martin's) dwelling house, the same being situate on a farm, not in

a city, town or village; "a man tried to burn it up last night. I saw the man and drove him off; there were the sticks, the matches and the brimstone with which he had tried to burn up my house. I know who it was; John Perkins was the man. When I drove him off, I saw Al. Hooper" (meaning your petitioner) "standing at the road holding a torch for him," thereby meaning that the said John Perkins had set fire to said dwelling house, and that he attempted to burn said dwelling house; and further meaning that your petitioner was present aiding and abetting the act to be done, wherefore he prays process, etc.

On demurrer, the case was dismissed, and plaintiff excepted.

G. M. Netherland, for plaintiff in error.

J. B. Estes, by J. F. Langston, for defendant.

Bleckley, Judge.

The words imputed a felony to Perkins as principal in the first degree, and to Martin as principal in the second degree: Code, sections 4305, 4309, 4378, 4382, 4712. That being so, they were actionable, *per se: Ibid.*, section 2977, at the instance of either. We can have no reasonable doubt that the utterer of such words would mean to produce the impression on his hearers that Perkins had attempted to burn the speaker's dwelling house, and that Martin was his accomplice in the evil deed. And we think his hearers, most or all of them, would so understand him. They would recognize that as the fair and natural import of his language.

Judgment reversed.